No. 15,887.

MITCHELL ET AL. v. DISTRICT COURT OF THE SECOND
JUDICIAL DISTRICT ET AL.
(180 P. [2d] 861)

Decided May 5, 1947.

Mr. THOMAS CAMPBELL, for petitioners.

Mr. ROBERT T. KINGSLEY, for respondents.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the
court.

It appears that a criminal information was filed
against petitioners, man and wife, as being "accessories

to statutory rape"; that upon showing that they were "unable to employ counsel," the court assigned counsel to represent them; that soon thereafter the attorney thus appointed wrote defendant James Mitchell, who was in jail, and hitherto has been, that: "You will have to secure an advance on my fees. Your wife advised me that you could secure some money to pay attorneys' fees, and in this connection, I ought to have at least $500.00 to start this matter going and to build up a defense to your case. Would you please make the proper arrangements to secure this money and send the same to me or have it brought into my office by some friend of yours"; that February 25, 1947, the appointment of that attorney was vacated, reason not being assigned, and the court allowed him a "fee of $100.00 for his services in this behalf"; that April 5, 1947, another attorney was appointed to represent defendants, and the trial was set for April 15, 1947; that defendants (colored people) were not a little dissatisfied with the attitude of appointed counsel (white) and, concluding to do something about securing counsel of their own selection, sent for Thomas Campbell, Esquire (of their race), a well-known member of the Colorado bar, and finally arranged for his employment, paying him a small retainer; that Mr. Campbell immediately appealed to respondent, the Honorable Joseph E. Cook, judge presiding, for a few days' time in order that he might prepare the defense for his clients, which request was refused, except that, due to the congested docket, the case necessarily would be postponed until the next day, April 16, when respondent, the Honorable Paul L. Littler, another district judge, would preside; that on said April 16, Mr. Campbell, appealing to Judge Littler, again sought a short postponement in the interest of preparing for the trial, and suffered adverse ruling.

On petition for prohibition presented to us on the same day, we issued an order to the district court, and the two judges named above, to desist from the trial

until our further order, and fixed five days as the time within which respondents should show cause, etc. Within the time stated, respondents answered that theretofore the case had been postponed on two occasions, as appears of record, but on one occasion the continuance was at the instance of the district attorney. In behalf of defendants it is replied, inter alia, that attorney appointed to represent him "has been so persistent in demanding that I raise money for attorney's fee that I became suspicious of their sincerity in my defense, and on April 14, 1947, late in the afternoon, I got in contact with Attorney Campbell and stated to him the facts in my case and how the attorneys had been demanding money of me." The quoted matter is in affidavit form, executed by defendant, James Mitchell.

It can be easily understood that the trial court was desirous of proceeding with its docket, and did not look with favor on another continuance of the cause. On the other hand, however, defendants were indigent; felt themselves more or less proscribed; were being tormented by counsel appointed on account of their indigence, by demands for money other than that to be granted from public funds. It is not difficult to understand their concern as to the good faith of such counsel. Nor is it surprising, or lightly to be regarded, we think, that, finally, they should endeavor to procure counsel of their own choosing, who, even though he were inadequately to be remunerated, nevertheless would confer with them only as to their defense. It is consistent, too, we think, that Mr. Campbell, a careful lawyer, only just retained, should ask for a few days' time in which to prepare for trial, and, defendants' plight considered, reasonably, as we think, the court should have viewed the application with favor.

Before concluding this opinion, we pause to say that it is difficult for us to understand why counsel, appointed by the court to defend indigent persons charged with crime, should consider it ethical to demand money

from poor people who have become his clients pursuant to merciful provision of public law. Why, we venture to inquire, should the first attorney who was appointed for defendants here, have demanded money from them in a sum wholly inconsistent with the theory and basis of his appointment? Why, also, was this attorney permitted to withdraw his appearance in any event, and on what hypothesis, if withdrawing, was he entitled to an allowance of one hundred dollars, or any other sum, from public funds? Evidently, he misconceived the purpose of the law which brought him the appointment.

Let the order to show cause be made permanent; but since petitioners sought only brief delay, and some days already have elapsed, we conceive of no reason why, the court's convenience considered, the case should not be set for trial at some early date. Whatever costs have attended shall be borne by the parties who have made the expenditures.

MR. JUSTICE ALTER and MR. JUSTICE HAYS concur.